UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN KOETTING, a California citizen, CAROLYN PAUL, a California citizen, and SORAL, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JASON VAN EMAN, an Oklahoma citizen, BENJAMIN MCCONLEY, a Florida Citizen, et al.,<br><br>Defendants. | Case No.: 16-cv-00461-AJB-NLS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO CONFIRM ARBITRATION AWARD**<br><br>(Doc. No. 33) |

Presently before the Court is Plaintiffs Dan Koetting, Carolyn Paul, and SORAL LLC's (collectively referred to as "Plaintiffs") motion to confirm the arbitration award. (Doc. No. 33.) Defendants Jason Van Eman, Benjamin McConley, Weathervane Productions, Inc., and Forrest Capital Partners, Inc. (collectively referred to as "Defendants") oppose the motion. (Doc. No. 35.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for decision on the papers and without oral argument. For the reasons explained more fully below, the Court **GRANTS** Plaintiffs' motion.

///

///

1

# **BACKGROUND**

The present action revolves around Plaintiff Dan Koetting and his mother in law, Plaintiff Carolyn Paul's $1.55 million investment in the film *The Scent of Rain and Lightning* ("*Scent*"). (Doc. No. 33-1 at 2.) Plaintiffs were allegedly induced into investing in this film by Defendants Jason Van Eman and Benjamin McConley, and their respective businesses, WeatherVane Productions, Inc. and Forrest Capital Partners, Inc. (*Id.*) Plaintiff SORAL, LLC is the production company for *Scent* and is the legal entity through which the investment was made. (*Id.*)

On February 19, 2016, Plaintiffs filed the instant action against Defendants for causes of action including (1) Civil Violations of the Racketeer Influenced and Corrupt Organizations Act; (2) Fraud; (3) California Penal Code § 496; (4) Conversion; and (5) Unfair Business Practices. (Doc. No. 1.) Thereafter, Defendants filed a motion to compel arbitration on April 5, 2016, (Doc. No. 3), to which Plaintiffs filed a non-opposition, (Doc. No. 8).

On September 26, 2016, the parties stipulated to set aside entry of default and to stay the entire action pending arbitration. (Doc. No. 29.) On January 9, 2017, the Court held that the matter would remain stayed during a telephonic status conference. (Doc. No. 30.)

On October 17, 2016, Plaintiffs filed their arbitration demand against Defendants with the Judicial Arbitration and Mediation Services, Inc. ("JAMS") San Diego. (Loewy Decl. ¶ 12, Doc. No. 33-2.) On November 14, 2016, JAMS San Diego notified the parties that it had selected Judge Kevin Midlam as the arbitrator. (*Id.* ¶ 14; Doc. No. 33-5 at 2.)

Subsequently, on April 11, 2017, Plaintiffs' counsel met Defendants and their counsel in San Diego. (Doc. No. 33-2 ¶ 16.) However, instead of taking the scheduled depositions, both parties spent most of the morning and afternoon negotiating a settlement agreement ("the Agreement"). (*Id.*)

The Agreement provided Defendants two different settlement options: (1) an investment of $1,672,500 in *Scent*; or (2) a total cash payment of $600,000 and a release of any interest in *Scent*. (Doc. No. 33-1 at 4; Doc. No. 35 at 2–3.) Under either settlement

option, Defendants agreed to pay Plaintiffs $100,000 by April 19, 2017, at the latest. (Doc. No. 33-1 at 4; Doc. No. 35 at 3.) Additionally, the Agreement contained the following provision:

> If Respondents fail to timely make any of the payments set forth above, and provided that Respondents have not yet paid a total of $600,000.00 to Petitioners under this Settlement Term Sheet, then Respondents will forfeit their entire participation interest in *Scent* and will have no legal rights or interests of any kind in *Scent*, or the profits thereof. Additionally, Respondents will not contest the entry of a $750,000.00 award against them (less any amounts already paid to Petitioners under this Settlement Term Sheet), both jointly and severally, in the Arbitration, and Respondents further will not contest the petition to confirm the arbitration award with the Court.

It is undisputed by both parties that Defendants have defaulted under the Agreement. (Doc. No. 33-1 at 2; Doc. No. 35 at 3; Doc. No. 33-7 at 2.) Consequently, Judge Midlam issued an arbitration award on July 12, 2017, that stated that (1) the Agreement was valid and binding; (2) Defendants had defaulted under the Agreement; (3) all of the Defendants were jointly and severally liable to Plaintiffs; (4) Defendants have no legal rights in the film *Scent*; and (5) each party was to bear its own fees and costs. (Doc. No. 33-8 at 2–3.) Shortly thereafter, on July 18, 2017, Plaintiffs filed the present action, their motion to confirm the arbitration award. (Doc. No. 33.)

## **LEGAL STANDARD**

A district court's role in reviewing an arbitral award is limited. *See United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 567–68 (1960). Indeed, "[t]he federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards." *Local Joint Exec. Bd. of Las Vegas v. Riverboat Casino, Inc.*, 817 F.2d 524, 526 (9th Cir. 1987) (citation omitted). An award will be upheld provided it "draws its essence from the collective bargaining agreement." *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). An agreement "may be overturned only if it violates public policy which is well-defined and dominant,

3

16-cv-00461-AJB-NLS

and . . . ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interest." *Riverboat Casino, Inc.*, 817 F.2d at 527. (internal quotation marks and citation omitted).

Specifically, as held by Section 9 of the Federal Arbitration Act ("FAA")

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

## DISCUSSION

Plaintiffs request that the Court confirm Judge Midlam's arbitration award arguing that (1) Defendants waived their penalty argument by failing to raise it during the arbitration; and (2) Judge Midlam's award is not irrational. (Doc. No. 33-1 at 2; Doc. No. 36 at 3–7.) In opposition, Defendants assert that the $150,000.00 penalty imposed on them through the arbitration award was an oversight by the arbitrator and as a whole unenforceable. (Doc. No. 35 at 2.) Thus, Defendants request that the Court vacate the arbitration award or modify/correct the arbitration award. (*Id.*)

The FAA empowers a court to vacate an arbitration award where the arbitrators "so imperfectly executed [their powers] that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Similarly, section 1286 of the California Arbitration Act ("CAA") provides that the court should confirm an arbitration award "unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceedings." Cal. Civ. Code Proc. § 1286.

After a careful review of the applicable law, the arguments proffered by both parties, and the exhibits, the Court agrees with Plaintiffs. The heart of Defendants' reasoning for defaulting under the Agreement is that the $750,000.00 arbitration award, which includes a $150,000.00 increase, dressed as a liquidated damages provision, allegedly shares no reasonable relationship to the actual damages. (Doc. No. 35 at 3.) To support this argument, Defendants cite to *Purcell v. Schweitzer*, 224 Cal. App. 4th 969 (2014).

First, the Court notes that it finds *Purcell* inapposite to the present matter. In *Purcell*, the action arose out of a defendant's default on a promissory note in the amount of $85,000. *Id*. at 971. Both parties then agreed to settle the action in the sum of $38,000, along with an interest rate of 8.5%, in installments over 24 months. *Id*. One section in particular stated that if defendant failed to make a payment on time, $85,000 would be the "agreed upon amount of monies actually owed, jointly and severally, by the [d]efendant [] to the [p]laintiff [] and is *neither a penalty nor is it a forfeiture*." *Id*. at 972. In sum, the court found that the $85,000 amount was an unenforceable penalty as it "bore no reasonable relationship to the damages that it could be expected that [plaintiff] would suffer as a result of a breach by [defendant]." *Id*. at 975–76. Specifically, the court found nothing in the record to support the fact that obtaining a judgment and instituting post-judgment procedures would cost $85,000. *Id*. at 976.

In contrast to *Purcell*, where the $85,000 late fee penalty was nearly triple the amount that plaintiff and defendant agreed to settle to in their agreement, in the present matter, the $150,000.00 penalty provision is only 25% of the original settlement agreement amount of $600,000. Moreover, the Court notes that in *Purcell*, the court found that the stipulation of almost $60,000 was unenforceable as it carried no rational relationship to the damages as evidenced by the $750.00 monthly payments. *Id*. at 975–76. However, the Court notes that in the present matter, the first installment under the Agreement was for $100,000. (Doc. No. 33-1 at 4; Doc. No. 35 at 3.) Thus, a penalty of $150,000 seems to be reasonably related to the damages that Plaintiffs are expected to suffer.

Second, "it is well settled that a party may not sit idle through an arbitration

procedure and then collaterally attack that procedure on grounds not raised before the arbitrators when the result turns out to be adverse." *Marino v. Writers Guild of Am., E., Inc.*, 992 F.2d 1480, 1484 (9th Cir. 1993); *see also Ficek v. Southern Pac. Co.*, 338 F.2d 655, 657 (9th Cir. 1964) (cert denied, 380 U.S. 988 (1965)) ("A claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrators to act."). This rule even extends to questions such as arbitrator bias, which goes to the very heart of arbitral fairness. *See Carr v. Pac. Maritime Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990) (holding that plaintiffs' failure to exhaust grievance procedures not excused because of alleged lack of neutrality of arbitration). Thus, as Defendants did not protest to the penalty during settlement negotiations, failed to challenge the authority of Judge Midlam to impose such a penalty, agreed to the Agreement, and finding that the Agreement clearly states that Defendants "will not contest the entry of a $750,000 award against them," the Court concludes that Defendants have waived their objections against the $150,000 penalty. (Doc. No. 35 at 3.)

On a final note, "[a]n arbitrator's decision must be upheld unless it is 'completely irrational,' or it constitutes a 'manifest disregard of law.'" *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1991) (citation omitted). Here, the Court finds no such situation, nor have Defendants produced evidence that Judge Midlam wholly disregarded the law or that the foregoing penalty within the Agreement is unfounded. Thus, the Court must affirm the award. *See Romero v. Citibank USA*, No. 1:07-CV-00549 OWW-SMS, 2007 WL 2688848, at *3 (E.D. Cal. Sep. 13, 2007); *see also Thompson v. Tega-Rand Int'l*, 740 F.2d 762, 763 (9th Cir. 1984) ("The reviewing court should not concern itself with the 'correctness' of an arbitration award."); *Rostad & Rostad Corp. v. Inv. Mgmt. & Research, Inc.*, 923 F.2d 694, 697 (9th Cir. 1991) ("Deference to the arbitrators is the rule.").

Based on the foregoing, finding Defendants' case law inapposite to the instant matter, that Defendants' inaction during settlement discussions constitutes waiver of its objections, and cognizant that the review of arbitration awards is "extremely limited[,]" the

Court **GRANTS** Plaintiffs' motion to confirm the arbitration award. *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992).

### **CONCLUSION**

As discussed more thoroughly above, the Court **GRANTS** Plaintiffs' motion to confirm the arbitration award, **CONFIRMS** the arbitration award and all of its terms, and **DIRECTS** the Clerk of Court to enter judgment in Plaintiffs' favor in accordance with the terms of the Agreement.

**IT IS SO ORDERED**.

Dated: September 19, 2017

Hon. Anthony J. Battaglia
United States District Judge